USDC SCAN INDEX SHEET

















SWD    5/3/04    13:00
3:04-CV-00907   HUBBARD V. GUITAR CENTER STORES
*1*
*CMP.*

ORIGINAL

FILED

04 APR 30 PM 4: 02

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: __S.D.__                    DEPUTY

1  LYNN HUBBARD, III, SBN 69773
2  SCOTTLYNN J HUBBARD, IV, SBN 212970
   **LAW OFFICES OF LYNN HUBBARD**
3  12 WILLIAMSBURG LANE
   CHICO, CA 95926
4  (530) 895-3252

5  Attorney for Plaintiffs

6

7

8

9          THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF CALIFORNIA
10

11                                    '04 CV   0907   J (RBB)

12  LYNN J HUBBARD and          )  No.
    BARBARA J. HUBBARD,         )
13                              )
           Plaintiffs,          )  **COMPLAINT FOR**
14                              )  **DECLARATORY, INJUNCTIVE,**
           vs.                  )  **AND MONETARY RELIEF:**
15                              )  • Americans With Disabilities Act
                                )  • Disabled Persons Act
16  GUITAR CENTER STORES,       )  • Unruh Civil Rights Act
    INC.; RAINBOW INVESTMENT    )  • Health and Safety Code Part 5.5
17  CO.; and DOES 1 through 10, )  • Unfair Business Practices Act
                                )  • Negligence
18         Defendants.          )
19                              )
20                              )
21                              )
22
23
24
25
26
27
28

**Plaintiffs' Complaint**                    Hubbard v. Guitar Center Stores, Inc., et al.

Page 1

# I. INTRODUCTION

1.     This is a civil rights action by Plaintiffs, LYNN J HUBBARD and BARBARA J. HUBBARD (collectively, "the Hubbards") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

> GUITAR CENTER
> 8825 Murray Drive
> La Mesa, CA 91942

(the "Store")

2.     The Hubbards seek compensatory and punitive damages, injunctive and declaratory relief, attorney fees and costs, against GUITAR CENTER STORES, INC.; RAINBOW INVESTMENT CO.; and DOES 1 through 10, ("collectively, Guitar Center") pursuant to:

- The Americans With Disabilities Act of 1990;[1]
- Health and Safety Code Part 5.5;[2]
- The Unruh Act;[3]
- The Disabled Persons Act;[4]
- The Unfair Business Practices Act;[5] and
- Negligence.[6]

---

[1]  42 USC §12101 *et seq.*
[2]  California Health and Safety Code §§19955 *et seq.*
[3]  California Civil Code §§51 *et seq.*
[4]  California Civil Code §§54 *et seq.*
[5]  California Business and Professions Code §§17200 *et seq.*
[6]  California Civil Code §1714.

**Plaintiffs' Complaint**                    **Hubbard v. Guitar Center Stores, Inc., et al.**

## II. JURISDICTION

3.     This Court has original jurisdiction under 28 U.S.C. §§1331 and 1343 for ADA claims.

4.     Supplemental jurisdiction for claims brought under parallel California Law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. §1367.

5.     The Hubbards' claims are authorized by 28 U.S.C. §§2201 and 2202.

## III. VENUE

6.     All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California. Accordingly, venue is invoked pursuant to 28 U.S.C. §1391(b), (c).

## IV. PARTIES

7.     The Hubbards have multiple conditions that affect one or more major life functions.  The Hubbards require the use of motorized wheelchairs and a mobility-equipped vehicle, when traveling about in public.

8.     Consequently, the Hubbards are "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

9.     Guitar Center consists of owners, operators, lessors and/or lessees of the Store.

10.     Guitar Center also consists of a person or persons, firm or corporation.

11.     On information and belief, the Hubbards allege a joint venture and common enterprise by all defendants.

Plaintiffs' Complaint                    Hubbard v. Guitar Center Stores, Inc., et al.

12.   On information and belief, the Hubbards allege each defendant conspired to commit the acts described herein.

13.   On information and belief, the Hubbards alternatively allege that each defendant aided and abetted one another in the wrongful acts hereinafter alleged.

14.   On information and belief, the Hubbards allege each defendant is the agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter-ego, partner and associate, or such similar capacity of other defendants. Accordingly, each defendant was acting, or failing to act, within the scope of their authority.

## V. FACTS

15.   The Store is a commercial facility, place of public accommodation, public facility, and/or other place that the general-public is invited, which was constructed with private funds.

16.   Guitar Center and the Hubbards know that areas of the Store are inaccessible to the physically disabled.

17.   Guitar Center has the financial resources to make the Store accessible to the physically disabled without much difficulty or expense by removing architectural barriers and modifying policies and procedures.

18.   The Hubbards visited the Store and actually encountered architectural barriers that denied them full and equal access.

19.   Attached as Exhibit A is a true and accurate list, to the extent known by the Hubbards, (with photos) of the barriers that denied them access to the Store, or which they seeks to remove on behalf of others under related state statutes.

**Plaintiffs' Complaint**                    **Hubbard v. Guitar Center Stores, Inc., et al.**

20.   The Hubbards were denied the full and equal access (as required by United States and California statutes) during each visit to the Store.

21.   Despite these visits, the Hubbards were also deterred from visiting the Store, because of actual knowledge that the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at the Store was not available to physically disabled patrons.

22.   The Hubbards have suffered, or anticipates suffering, emotional and physical harm during each actual visit to the Store, or incident of deterrence.

23.   The Hubbards would visit the Store, but for the future threat of discrimination by Guitar Center.

24.   Because of Guitar Center's acts and omissions, the Hubbards suffered physical discomfort and injury, emotional distress, and mental suffering and distress.

25.   All injuries suffered by the Hubbards are expectedly and naturally associated with the denial of equal access to the Store due to Guitar Center's acts and omissions.

## VI. FIRST CLAIM

### Americans with Disabilities Act of 1990

26.   The Hubbards incorporate the allegations contained in paragraphs 1 through 25 for this claim.

27.   Title III of the ADA holds as a 'general rule' that: No individual shall be discriminated against on the basis of disability by any person who owns, leases (or leases to), or operates a place of public accommodation.

**Plaintiffs' Complaint**                     **Hubbard v. Guitar Center Stores, Inc., et al.**

28.  Guitar Center discriminated against the Hubbards by denying full and equal enjoyment to goods, services, facilities, or accommodations, during every visit to the Store.

29.  To date, Guitar Center has not made the Store readily accessible under Title III of the ADA.[7]

## Readily Achievable Barrier Removal/
## Alternative Methods
### 42 U.S.C. §§12182(b)(2)(A)(iv),(v)

30.  The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable.[8]

31.  When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable.

32.  Readily achievable is defined as, "easily accomplishable and able to be carried out without much difficulty or expense."[9]

33.  The Hubbards allege that it is readily achievable for Guitar Center to remove the architectural barriers at the Store under the standards set forth in the ADA.

34.  Guitar Center violated the ADA by failing to remove the architectural barriers that were present at the Store, when it was readily achievable to do so.

35.  In the alternative, if it was not "readily achievable" for Guitar Center to remove the architectural barriers at the Store, then

---

[7] 42 U.S.C. §12181 *et seq.*
[8] 42 U.S.C. §12182(b)(2)(A)(iv).
[9] 28 C.R.F. §36.304(a).

1  Guitar Center violated the ADA by failing to make the required

2  services available through alternative methods, which were readily

3  achievable.

**Design and Construction**

42 U.S.C. §12183(a)(1)

6     36.   The ADA also prohibits: A failure to design and construct

7  facilities for first occupancy after January 26, 1993, that are readily

8  accessible to, and usable by, individuals with disabilities when it is

9  structurally practicable to do so.[10]

10     37.   On information and belief, the Store was designed or

11  constructed (or both) after January 26, 1992—independently

12  triggering access requirements under Title III of the ADA.

13     38.   Guitar Center violated the ADA by designing or

14  constructing (or both) the Store in a manner that was not readily

15  accessible to the physically disabled public (including the Hubbards)

16  when it was structurally practical to do so.

**Alterations**

42 U.S.C. §12183(a)(2)

19     39.   The ADA also requires that: When a facility (or part

20  thereof) is altered in a manner that affects (or could affect) its

21  usability it must be altered in a manner that is readily accessible to

22  individuals with disabilities to the maximum extent feasible.[11]

23     40.   If the alteration affects (or could affect) access to a

24  primary function at the facility, then the responsible entity shall

25  ensure that the path of travel, bathrooms, telephones, and drinking

---

[10]  42 U.S.C. §12183(a)(1).
[11]  42 U.S.C. §12183(a)(2).

**Plaintiffs' Complaint**                 **Hubbard v. Guitar Center Stores, Inc., et al.**

1 | fountains serving the altered area are readily accessible the
2 | maximum extent feasible.[12]

3 |     41.   On information and belief, the Store was modified after
4 | January 26, 1992, independently triggering access requirements
5 | under the ADA.

6 |     42.   Guitar Center violated the ADA by altering the Store in a
7 | manner that was not readily accessible to the physically disabled
8 | public (including the Hubbards) to the maximum extent feasible.

9 |

10 | **Policy and Practices**

11 | **42 U.S.C. §12182(b)(2)(A)(ii)**

12 |     43.   The ADA also specifically prohibits: A failure to make
13 | reasonable modifications in policies, practices, or procedures, when
14 | necessary to afford such goods, services, facilities, or
15 | accommodations to individuals with disabilities, unless the entity can
16 | demonstrate that making such modifications would fundamentally
17 | alter their nature.[13]

18 |     44.   Guitar Center violated the ADA by failing to make
19 | reasonable modifications in policies, practices, or procedures (e.g.
20 | placement of movable displays) when these modifications were
21 | necessary to afford, and would not fundamentally alter the nature of,
22 | these goods, services, facilities, or accommodations.

23 |     45.   The Hubbards seek all relief available under the ADA (i.e.
24 | permanent or temporary injunction, restraining order, or other order)
25 | to address these violations.[14]

26 |

27 |

28 |

---

[12]  42 U.S.C. §12183(a)(2).
[13]  42 U.S.C. §12182(b)(2)(A)(ii).
[14]  42 U.S.C. §12205 (incorporating the remedies under 42 U.S.C. §2000a-3(a)).

46.   The Hubbards also seek a finding from this Court—declaratory relief—that Guitar Center violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

47.   The Hubbards also seek attorney fees and costs under the ADA.

### VII. SECOND CLAIM

**Disabled Persons Act**

Civil Code §§54 *et seq.*

48.   The Hubbards incorporate the allegations contained in paragraphs 1 through 44 for this claim.

49.   California Civil Code §54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.[15]

50.   California Civil Code §54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.[16]

51.   Both sections specifically incorporate (by reference) an individual's rights under the ADA.[17]

52.   Guitar Center discriminated against the physically disabled public (including the Hubbards) by denying them full and equal access to the Store.

---

[15]   California Civil Code §54(a).
[16]   California Civil Code §54.1(a)(1).
[17]   Civil Code §54(c), §54.1(d).

**Plaintiffs' Complaint**                    Hubbard v. Guitar Center Stores, Inc., et al.

53.   Thus, the Hubbards' rights under the Disabled Persons Act were infringed upon and/or violated by Guitar Center.

54.   Guitar Center also violated the Disabled Persons Act by infringing upon and/or violating the Hubbards' rights under the ADA.

55.   <u>For each offense</u>, the Hubbards seek actual damages and any amount as may be determined by a jury, or the court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than one thousand dollars ($1,000).

56.   The Hubbards also seek general and special damages, declaratory relief and any other remedy available under California Civil Code §54.3.

57.   The Hubbards also seek to enjoin Guitar Center from violating the Disabled Persons Act (and ADA) under California Civil Code §55.

58.   The Hubbards also seek recovery for all reasonable attorneys' fees incurred under California Civil Code §54.3, and §55.

59.   Finally, this lawsuit will benefit the public by compelling Guitar Center to make the Store accessible to the physically disabled public—thus, justifying attorneys' fees under California Code of Civil Procedure §1021.5.

## VIII. THIRD CLAIM

### Unruh Civil Rights Act

Civil Code §§51 *et seq.*

60.   The Hubbards incorporate the allegations contained in paragraphs 1 through 44 for this claim.

61.   The Unruh Act states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal

**Plaintiffs' Complaint**                **Hubbard v. Guitar Center Stores, Inc., et al.**

1   accommodations, advantages, facilities, privileges, or services in all

2   business establishments of every kind whatsoever.[18]

3       62.   The Unruh Act also states, in part, that: No business

4   establishment of any kind whatsoever shall discriminate against any

5   person in this state because of the disability of the person.[19]

6       63.   The Unruh Act also specifically incorporates (by

7   reference) an individual's rights under the ADA.[20]

8       64.   Guitar Center's aforementioned acts and omissions

9   denied the physically disabled public (including the Hubbards) full

10   and equal accommodations, advantages, facilities, privileges and

11   services in a business establishment (because of their physical

12   disability) in violation of the Unruh Act.

13       65.   These aforementioned acts and omissions (including the

14   ones that violate the ADA) denied, aided or incited a denial, or

15   discriminated against the Hubbards by violating the Unruh Act.

16       66.   The Hubbards were damaged by Guitar Center's wrongful

17   conduct, and seeks all available relief under Civil Code §52.

18       67.   This relief includes actual damages and any amount as

19   may be determined by a jury, or the court sitting without a jury, up to

20   a maximum of three times the amount of actual damages but in no

21   case less than four thousand dollars ($4,000) for each offense.[21]

22       68.   The Hubbards also seek to enjoin Guitar Center from

23   violating the Unruh Act (and ADA), and recover reasonable attorneys'

24   fees and costs incurred under California Civil Code §52(a).

25

26   [18]   California Civil Code §51.

27   [19]   California Civil Code §51.5.
     [20]   California Civil Code §51.

28   [21]   California Civil Code §52(a); this relief includes statutory minimum damages for each actual
     visit and incident of deterrence.

69.   Finally, the Hubbards' lawsuit is intended to compel Guitar Center to make the Store accessible to all members of the physically disabled public—justifying attorneys' fees under California Code of Civil Procedure §1021.5.

## IX. FOURTH CLAIM
## Denial of Full and Equal Access to a Person with Physical Disabilities in a Public Facilities
Health and Safety Code Part 5.5

70.   The Hubbards incorporate the allegations contained in paragraphs 1 through 25 for this claim.

71.   Health and Safety Code §19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code §4450.

72.   Health and Safety Code §19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

73.   On information and belief, the Hubbards allege the Store was constructed prior to July 1, 1970, and that areas were altered or structurally repaired in a manner that violates Part 5.5 of the Health and Safety Code.

74.   In the alternative, on information and belief, the Hubbards allege the Store was constructed after July 1, 1970, in a manner that violates Part 5.5 of the Health and Safety Code or Government Code §4450 (or both).

75.    The Store is a public accommodation or facility (as defined by Part 5.5 of the Health and Safety Code),[22] which is not exempted by Health and Safety Code §19956.

76.    Guitar Center's non-compliance with these requirements at the Store aggrieved (or potentially aggrieved) the Hubbards and other persons with physical disabilities.

77.    Accordingly, the Hubbards seek injunctive relief under Health and Safety Code §19953.

78.    The Hubbards also incurred legal expenses in order to enforce Government Code §§4450 *et seq.* or Health & Safety Code §§19955 *et seq.*

79.    Therefore, the Hubbards seek attorneys' fees under to Health and Safety Code §19953.

80.    Finally, the Hubbards' lawsuit is intended to compel Guitar Center to make the Store accessible to all members of the physically disabled public—justifying attorneys' fees under California Code of Civil Procedure §1021.5.

## X. FIFTH CLAIM

### Unfair Business Practices Act

Business and Professions Code §§17200 *et seq.*

81.    The Hubbards incorporate the allegations contained in paragraphs 1 through 80 for this claim.

82.    California Business and Professions Code §17203 states, in part, that: Any person who engages, has engaged, or proposes to engage in unfair competition may be enjoined in any court of competent jurisdiction.

---

[22]    Health and Safety Code §19955(a).

Plaintiffs' Complaint                                    Hubbard v. Guitar Center Stores, Inc., et al.

83.   "Unfair competition" includes any unlawful business act or practice.[23]

84.   Guitar Center's business practices were "unlawful" in that they violated applicable California and United States laws (identified above).

85.   Guitar Center's unlawful business practices denied the physically disabled public (including the Hubbards) full and equal access to the Store.

86.   Therefore, as long as the Hubbards have standing under Article III, they seek injunctive relief to end Guitar Center's unlawful acts (i.e., remove all barriers identified in Exhibit A) on behalf of their own interests and those interests of the disabled public.

### XI. SIXTH CLAIM

**Negligence Per Se**

California Civil Code §1714

87.   The Hubbards incorporate the allegations contained in paragraphs 1 through 86 for this claim.

88.   Guitar Center had a duty to comply with the aforementioned California and United States laws or regulations (or both).

89.   These aforementioned laws and regulations, violated by Guitar Center, were adopted to protect the class of physically disabled persons (including the Hubbards) from injury.

90.   This violation was the proximate cause of the Hubbards' aforementioned injuries.

---

[23]   California Business and Professions Code §17200.

Plaintiffs' Complaint                    Hubbard v. Guitar Center Stores, Inc., et al.

Page 14

91.   The Hubbards suffered physical and emotional injuries resulting from an occurrence (the nature of which) these laws or regulations were designed to prevent.[24]

92.   Guitar Center knew (or should have known) that the physically disabled individuals (including the Hubbards) were denied full and equal access to the Store.

93.   Despite this knowledge, Guitar Center refused to comply with the aforementioned laws and regulations to make the Store accessible.

94.   Guitar Center's acts and omissions evince oppressive, fraudulent, or malicious conduct in conscious disregard for the rights or safety of the Hubbards (and the physically disabled public).

95.   Thus, the Hubbards, in addition to the actual damages, seek damages for the sake of example and by way of punishing Defendant under California Civil Code §3294 in a sufficient amount to accomplish that purpose.

96.   The Hubbards seek interest under California Civil Code §3291 too.

## XII. PRAYER FOR RELIEF

WHEREFORE, the Hubbards pray judgment against Guitar Center for:

1.   Injunctive relief, preventive relief, or any other relief the Court deems proper under:

- 42 U.S.C. §12205;
- California Civil Code §52;
- California Civil Code §55; and

---

[24]   Hudge v. Seiler, 558 F.2d 284 (5th Cir. 1977).

**Plaintiffs' Complaint**                              **Hubbard v. Guitar Center Stores, Inc., et al.**

1      • California Health and Safety Code §19953;

2   2.  Declaratory relief that Guitar Center violated the ADA for the

3      purposes of Unruh Act or Disabled Persons Act damages;

4   3.  Statutory minimum damages under either California Civil Code

5      §52(a) or California Civil Code §54.3(a), but not both, for each

6      actual visit or incident of deterrence (according to the proof);

7   4.  General and special damages in the amount of $100,000.00;

8   5.  For attorneys' fees, litigation expenses and costs of suit

9      pursuant to:

10      • 42 U.S.C. §12205;

11      • California Civil Code §52;

12      • California Civil Code §54.3;

13      • California Civil Code §55;

14      • California Code of Civil Procedure §1021.5; and

15      • California Health and Safety Code §19953;

16   6.  Interest at the legal rate from the date of the filing of this action;

17   7.  Punitive damages pursuant to Civil Code §3294;

18   8.  Prejudgment interest pursuant to Civil Code §3291; and

19   9.  Such other and further relief as the court may deem proper.

20

21  DATED: April 28, 2004     LAW OFFICES OF LYNN HUBBARD

22

23

24                LYNN HUBBARD, III

25                Attorney for Plaintiffs

26

27

28

Plaintiffs' Complaint         Hubbard v. Guitar Center Stores, Inc., et al.

Page 16

# PRELIMINARY  SITE ACCESSIBILITY REPORT

*Guitar Center*
*8825 Murray*
*La Mesa, California*

GUITAR CENTER
8825 Murray Drive
La Mesa, CA

| | | |
|---|---|---|
| DOT #R100B | | 1.  Tow away sign wrong color. |

### *SEE PHOTO Nos. 1 and 2*

| | | |
|---|---|---|
| DSA pg 2&3 | | 2.  Tow away sign posted at wrong height. |

### *SEE PHOTO No. 1*

| | | |
|---|---|---|
| 1129B.5 | 4.6.4 | 3.   Incorrect parking signage.  No separate van accessible sign. |
| 1129 B.5.1&2 | 4.6.4 | 4.  Accessible parking space and access aisle not outlined white. |
| CVC 21 458(a)(3)(A) | | 5.  Access aisle not striped in white. |
| 1129B.4.1 Fig 11 B-18 A | | 6.  Missing no parking painted in accessible aisle. |
| 1129 B.5 | 4.7 | 7.  Curb ramp encroaches into accessible aisle. |

### *SEE PHOTO No. 3*

| | | |
|---|---|---|
| 1127 B. 5.8 | | 8.  No detectable warnings. |
| 1127 B.5.8 | 4.29.2 | 9.  Detectable warning not visually contrasting, light on dark or dark on light. |
| 1127 B. | 36.304 | 10.  No exterior route of travel from the property border. |
| 1127 B. | 4.3.2 | 11.  No exterior route of travel from parking. |
| 1127 B. 3 | | 12.  No exterior route of travel signs. |

### *SEE PHOTO Nos. 1 and 3*

| | | |
|---|---|---|
| 1117 B. 5.7 | 4.30.6 | 13.  Entrance door ISA not mounted 60 inches center line from the floor. |
| 1117 B. 5.7 | 4.30.6 | 14.  Entrance door ISA not mounted on the wall, latch side. |

## *SEE PHOTO No. 4*

| | | |
|---|---|---|
| 1003.3.1.9&10<br>1117B.5.1-B | | 15.  Emergency exit passage not identified in Braille. |
| 1122 B. 4 | | 16.  Check out counter does not have a section 36 by 24 inches, 34 inches high to accommodate a wheelchair occupant. |
| 1122 B. 4 | 4.30.7 | 17.  This location does not have an accessible check stand. |
| 1102 B<br>1114 B.1.2 | 4.3<br>4.3 | 18. No accessible route through store.  Many aisles are less than 32 inches wide. |



SPACES RESERVED FOR
DISABLED PERSONS FACILITIES
IN THIS PARKING LOT

UNAUTHORIZED VEHICLES
NOT DISPLAYING DISTINGUISHING
LICENSE PLATES OR PLACARDS
ISSUED TO DISABLED PERSONS
WILL BE TOWED AWAY AT
VEHICLE OWNERS EXPENSE.
TOWED VEHICLES MAY BE
RECLAIMED AT WESTERN TOWING
OR TELEPHONE 619-297-8697

CVC SECTION 225115

# TOW AWAY

## 2 HOUR CUSTOMER PARKING ONLY





JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

FILED

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ORIGINAL

LYNN J HUBBARD and BARBARA J. HUBBARD

**DEFENDANTS**

04 APR 30 PM 4:31

GUITAR CENTER STORES, INC.; RAINBOW INVESTMENT CO.; and DOES 1 through 10 RN DISTRICT OF CALIFORNIA

BY:                    DEPUTY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Lynn Hubbard, III, Esq.
Law Offices of Lynn Hubbard, 12 Williamsburg Lane,
Chico, CA 95926

ATTORNEYS (IF KNOWN)

'04 CV    0907    J (RBB)

## II. BASIS OF JURISDICTION     (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☐ 2 U.S Government
Defendant

☑ 3 Federal Question
(U.S. Government Not a Party)

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES     (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## VI. ORIGIN     (PLACE AN "X" IN ONE BOX ONLY)

☑ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to District
Judge from
Magistrate
Judgment

## V. NATURE OF SUIT     (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☑ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## VI. CAUSE OF ACTION     (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

42 U.S.C. Section 12101, et seq.
Ongoing violations of the ADA Construction Standards

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** Excess $75,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES  ☑ NO

## VIII. RELATED CASE(S) IF ANY     (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE
April 28, 2004

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT #  103335    AMOUNT  150 —    APPLYING IFP  ML    JUDGE _____    MAG. JUDGE _____

This form was electronically produced by Elite Federal Forms, Inc.